UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**CARLTON GARY,**

    **Plaintiff,**

v.                                    Case No. 5:13cv412/RS/CJK

**CISCO,**

    **Defendant.**
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's filing an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 6), and a motion to proceed *in forma pauperis* (doc. 4). Upon review of plaintiff's amended complaint, the court concludes that this case should be dismissed for failure to state a claim, because plaintiff has not presented a plausible claim for relief against the named defendant. Plaintiff's motion to proceed *in forma pauperis* will be granted for the limited purpose of dismissing this action.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Jackson Correctional Institution. (Doc. 6). Plaintiff is suing

"Cisco," which plaintiff describes as a food distributor located in San Jose, California, alleging that the company manufactured a contaminated meat alternative ("Nutria Soybean Meat") which plaintiff consumed while incarcerated at Polk Correctional Institution on January 15, 2009, and which caused plaintiff and other inmates to become ill. (*Id.*, pp. 5-9).[1] Plaintiff seeks to recover punitive damages against "Cisco" in the amount of $1 million on the theory that the company "negligen[tly]" sold contaminated food to the DOC, in violation of Fla. Stat. § 859.01, which criminalizes the intentional poisoning of food or water. (Doc. 6, pp. 8-9).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that

---

[1] It appears plaintiff has confused Cisco, a corporation headquartered in San Jose, California, that designs, manufactures and sells networking equipment, with Sysco, a corporation headquartered in Houston, Texas, that markets and distributes food products to businesses and institutions.

*Case No: 5:13cv412/RS/CJK*

is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

To the extent plaintiff attempts to sue "Cisco" under 42 U.S.C. § 1983, plaintiff fails to state a plausible claim for relief, because "Cisco" (or Sysco) is a private corporation, not a state actor. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to

violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted). Plaintiff's allegations do not remotely suggest the kind of action that would subject this private party defendant to § 1983 liability as a "state actor." Accordingly, plaintiff has no viable § 1983 claim against the defendant.

Even liberally construing plaintiff's amended complaint as attempting to invoke the court's diversity jurisdiction over a state law claim based on defendant's alleged violation of Fla. Stat. § 859.01, this case is still due to be dismissed for failure to state a claim, because plaintiff has no plausible cause of action under § 859.01. Section 859.01 is a state criminal statute which provides:

> Whoever introduces, adds, or mingles any poison, bacterium, radioactive material, virus, or chemical compound with food, drink, medicine, or any product designed to be ingested, consumed, or applied to the body with intent to kill or injure another person, or willfully poisons or introduces, adds, or mingles any bacterium, radioactive material, virus, or chemical compound into any spring, well, or reservoir of water with such intent, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

*Id*. Neither the statutory language of § 859.01 nor its legislative history reflects an intent by the Florida legislature to create a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87, 121 S. Ct. 1511, 1519-20, 149 L. Ed. 2d 517 (2001) (holding that legislative intent is the touchstone for determining whether a private right of action exists under a particular statute). As there is no basis to infer a private

right of action under Fla. Stat. § 859.01, plaintiff cannot use this civil proceeding to obtain relief for defendant's alleged violation of that statue.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 4) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of February, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 5:13cv412/RS/CJK